COUNTY LAW LIBRARY — SALARY A secretary to the District Attorney may be employed by the Board of Trustees of the County Law Library as librarian, but such employment must be on such terms as would not be violative of Article II, Section 11 of the Oklahoma Constitution; such a person holding an employment of trust and profit as secretary to the District Attorney could perform duties as librarian only during those times which are not office hours of the District Attorney. The Attorney General has received your letter wherein you request our opinion on the following two questions: 1. May the Board of Trustees of a County Law Library employ a person who is the District Attorney's secretary, to perform the duties of Law Librarian and pay such person a monthly salary from the Law Library Fund? 2. If question number one is answered in the affirmative, may such person perform said duties during her regular office hours as an employee of the District Attorney's office? The powers of the Board of Law Library Trustees are found in 20 O.S. 1208 [20-1208] (1971) as follows: "Such Board of Trustees, by a majority of vote of all their members, shall have power: Fourth: To elect all necessary subordinate officers, including a librarian and such assistants as may be necessary, and to prescribe their duties and fix the salary of same, and at their pleasure remove any such officer or assistant . . ." In your letter you have acknowledged the holding of Attorney General's Opinion No. 70-283 which was that a full-time deputy court clerk may not serve simultaneously as the librarian of a county law library and receive payment therefor, from the law library fund. That opinion went on to state that a librarian of the county law library, who simply performs duties required of him by others, is not an officer within the meaning of 51 O.S. 6 [51-6] (1971), the so-called dual office holding statute, and that therefore, a full time deputy court clerk may perform the duties of county librarian outside the regular hours of the Court Clerk's office and be paid for such service. The pertinent provision of the Oklahoma Constitution is Article II, Section 11 which provides in part: "Every person elected or appointed to any office or employment of trust or profit under the laws of the State . . . shall give personal attention to the duties of the office to which he is elected or appointed. " The following language from Attorney General's Opinion No. 69-279 is applicable to the question which you have raised: "A secretary for the Associate District Judge is not an officer, but is an employment of trust and profit under the laws of this State. We will assume for the purpose of this opinion that the hours of employment of a secretary for a judicial officer would coincide with the hours spent by such officer in performing his duties, normally when the Court House of the County is open for business. These hours of employment for a secretary would be some of the same hours when such judicial officer might need a bailiff in attendance upon his court. It follows, then, that the same person holding both employment as a secretary to the Associate District Judge and the office of bailiff to the court over which such judge presides could not give personal attention to the duties of both the position and office." With regard to your first question, it is felt that even though a secretary of the District Attorney may not be an officer, that it is most certainly an employment of trust and profit under the laws of this State, and the same would apply to the position of librarian of the county library. Article II, Section 11
of the Oklahoma Constitution, supra, plainly requires every person who holds any employment or trust or profit under the laws of the State to give personal attention to the duties of that office. Consistent with the holding of Opinion No. 70-283, there would be no prohibition against a person performing the functions of the librarian for the county law library outside the hours of regular employment for any other county position. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: A secretary to the District Attorney may be employed by the Board of Trustees of the County Law Library as librarian, but such employment must be on such terms as would not be violative of Article II, Section 11
of the Oklahoma Constitution; such a person holding an employment of trust and profit as secretary to the District Attorney could perform duties as librarian o only during those times which are not office hours of the District Attorney. (Steven E. Moore)